# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

**CHASELYNE S. SMALL,**

    **PLAINTIFF,**

**VS.**                                              **CV NO.:**

**INTERSTATE MANAGEMENT COMPANY, LLC,**

    **DEFENDANT.**                            **JURY TRIAL DEMANDED**

## COMPLAINT

### JURISDICTION

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e et seq. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII) and the Pregnancy Discrimination Act. The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by Title VII providing for injunctive and other relief against gender and/or pregnancy discrimination.

2.  Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last

discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

3. This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202, 29 U.S.C. § 2617(a)(2). This is a suit authorized and instituted pursuant to the "Family and Medical Leave Act of 1993," 28 U.S.C. § 2601, et. seq. ("FMLA"). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights and Defendant's violation of the Acts and for injunctive relief and damages.

4. Defendant, Interstate Management Company, LLC, (hereinafter "Defendant") is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2). Defendant employed at least fifty (50) persons for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Defendant employed these fifty (50) employees within 75 miles of Plaintiff's worksite.

**PARTIES**

5. Plaintiff, Chaselyne Small, (hereinafter "Plaintiff") is a resident of Tuscaloosa, Tuscaloosa County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Western Division.

6. Defendant Interstate Management Company, LLC (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 621(a)(2), and 29 U.S.C. § 201, *et seq.* Defendant employed at least twenty (20) persons during the current or preceding calendar year. Therefore, this Court has personal jurisdiction over Defendant.

**STATEMENT OF FACTS**

7. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-6 above.

8. Plaintiff was hired by Defendant as a housekeeper on or about September 2, 2016.

9. Plaintiff did not receive any discipline for poor performance while employed by Defendant.

10. In early March 2017, Plaintiff learned that she was pregnant.

11. After finding out about her pregnancy, Plaintiff informed then Housekeeping Supervisor, Claytora Taylor that she was pregnant.

12. Taylor told Plaintiff to let her know if there was anything she needed during her pregnancy.

13. Plaintiff informed Taylor that her former pregnancies were without complication and she did not expect her pregnancy to affect her ability to work.

14. Plaintiff never called in sick due to her pregnancy.

15. Further, Plaintiff scheduled her appointments on her off days to avoid inconveniencing Defendant and her co-workers.

16. Taylor's employment with Defendant was terminated during Plaintiff's pregnancy.

17. In June of 2017, Plaintiff entered the hotel elevator at the same time as the hotel's General Manager, Mark Kebartley.

18. While on the elevator, Kebartley asked Plaintiff if there was anything she needed to tell him.

19. Plaintiff, assuming Kebartley was aware of her pregnancy, stated that she did not have anything to tell him.

20. In July of 2017, after Plaintiff's pregnancy became very visible, Kebartley asked Plaintiff to meet him in his office.

21. During the meeting, Kebartley said that someone at the hotel had informed him of Plaintiff's pregnancy.

22. Kebartley asked how Plaintiff was doing.

23. Plaintiff confirmed that she was doing fine.

24. Next, Kebartley asked how much time Plaintiff intended to take for the birth of her child.

25. Plaintiff explained this was her fourth child and she intended to work until the very end of her pregnancy.

26. Kebartley again asked Plaintiff how long of a leave she intended to take for the birth of her child.

27. Plaintiff stated that she would not be taking the full six weeks because it was her fourth pregnancy and she did not need an extended leave to recover.

28. Plaintiff further explained that the only thing she would need were restrictions against heavy lifting at the very end of her pregnancy.

29. During the conversation, Kebartley told Plaintiff that her maternity leave would cause the hotel to be short-handed because there would only be two housekeepers and a supervisor for the entire 91-room hotel.

30. On or about August 20, 2017, Plaintiff advised Food and Beverage Manager, AJ Clemons, that she needed to schedule a meeting with Kebartley to schedule her maternity leave.

31. Plaintiff's baby was due on September 28, 2017.

32. Clemons told Plaintiff that he had relayed her request for a meeting to Kebartley.

33. Plaintiff never heard anything back from Kebartley regarding her requested meeting.

34. A week later, Plaintiff was off work on her regularly scheduled days off.

35. When Plaintiff returned to work Plaintiff learned that an inspection of the hotel had been scheduled.

36. After the inspection, Kebartley called Plaintiff to his office and informed her that the hotel failed the inspection and that her employment was being terminated.

37. Plaintiff had not cleaned or inspected the rooms found in substandard conditions by the hotel inspection.

38. Plaintiff presented evidence to Kebartley that she was not involved with the cleaning and inspection of the rooms in question.

39. Upon receiving this evidence Kebartley sent Plaintiff out of his office for several minutes.

40. Later, Kebartley called Plaintiff back into the office and explained that someone had to take the blame for the inspection and since Plaintiff would be unable to help in the hotel in her condition, they needed to part ways.

41. The employees who actually cleaned and inspected the rooms found in substandard conditions by the inspection were not pregnant and were not fired.

42. The employees who actually cleaned and inspected the rooms found in substandard conditions by the inspection were not on or anticipating a requested leave of absence.

**COUNT ONE - FMLA RETALIATION**

43. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 42 above as if fully set forth herein.

44. During the 12-month period prior to Plaintiff's anticipated leave, Defendant employed Plaintiff for at least 1,250 hours of service.

45. Defendant employs fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of Plaintiff's anticipated leave on or about September 28, 2017.

46. On August 20, 2017, Plaintiff provided Defendant notice of foreseeable FMLA leave beginning on or about September 28, 2017, for the birth of her child.

47. Defendant failed to provide Plaintiff with a Notice of Eligibility and Rights and Responsibilities form.

48. Defendant failed to provide Plaintiff with an FMLA Designation Notice form.

49. Defendant failed to provide Plaintiff with an FMLA Certification of Health Care Provider for Employee's Serious Health Condition form OR FMLA

Certification of Health Care Provider for Family Member's Serious Health Condition form.

50. Defendant terminated Plaintiff's employment on August 31, 2017.

51. Defendant's employees had knowledge that Plaintiff suffered from an FMLA qualifying condition for which she needed leave for the birth of her child.

52. Defendant made the decision to terminate Plaintiff's employment, in whole or part, because of Plaintiff's planned exercise of FMLA rights.

53. Defendant did not terminate the employees who actually inspected the rooms in question.

54. Upon information and belief, said employees did not exercise FMLA rights during his employment.

55. As a result of Defendant's discriminatory termination decision in violation of the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

**COUNT TWO – Title VII – Pregnancy – Termination**

56. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 55 above.

57. During all times relevant to this Complaint, Plaintiff was pregnant.

58. In violation of the Pregnancy Discrimination Act, Defendant terminated Plaintiff's employment.

59. In violation of the Pregnancy Discrimination Act, Plaintiff's pregnancy was a motivating factor that prompted Defendant to terminate Plaintiff's employment.

60. The employees who actually cleaned and inspected the rooms found in substandard conditions by the inspection were not pregnant and were not fired.

61. As a result of Defendant's violation of Pregnancy Discrimination Act, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Family and Medical Leave Act;

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Title VII of the Civil Rights Act of 1964;

C. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position she would have had, had he not been terminated;

D.  Award her back pay, together with employment benefits, front pay, liquidated damages; special damages; nominal damages;

E.  Attorneys' fees and costs;

F.  Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 626 that the actions of Defendant violated the law; and,

G.  Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
Kira Fonteneau

_____
Felicia T. Long

**OF COUNSEL:**

THE FONTENEAU FIRM LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
T: (205) 564-9005 F: (205) 564-9006

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANT'S ADDRESS:**
Interstate Management Company, LLC
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104